IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITTANY FLETCHER BECKHAM and LUTZY, INC., ) ) ) Plaintiffs, ) ) v. ) ) BAKER & HOSTETLER LLP, and GREGORY GRISSETT, ) ) ) Defendants. ) ) ) | CIVIL ACTION NO. 1:22-cv-04420-MHC |

**DEFENDANT BAKER & HOSTETLER LLP'S MOTION TO DISMISS PLAINTIFF LUTZY, INC.'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant Baker & Hostetler LLP ("Baker") respectfully moves this Court to dismiss Plaintiff Lutzy, Inc.'s ("Lutzy") First Amended Complaint (ECF No. 15) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.[1] Lutzy cannot maintain an action in this court under O.C.G.A. § 14-2-1502, which provides that a "foreign corporation transacting business in this state

---

[1] In this Motion, Baker seeks to dismiss all claims brought by Plaintiff Lutzy and not the identical claims brought by Plaintiff Brittany Fletcher Beckham. Concurrently herewith, Baker is filing an Answer to the claims and allegations in the First Amended Complaint to the extent brought and made by Ms. Beckham.

1

without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." O.C.G.A. § 14-2-1502(a). Lutzy does not have the required certificate of authority to maintain this action.

## I.   INTRODUCTION

Two Plaintiffs, Brittany Fletcher Beckham and Lutzy, brought this action jointly against the law firm Baker and one of its former associates, Gregory Grissett, alleging that Baker's representation of both Plaintiff Brittany Fletcher Beckham and another Baker client before the U.S. Patent and Trademark Office ("USPTO") constituted a conflict of interest under 37 C.F.R. § 11.107(a)(1) and gave rise to Plaintiffs' claims of breaches of fiduciary duty and fraudulent concealment. Plaintiffs jointly assert identical claims against Defendants.

Baker moved to dismiss Plaintiffs' Complaint for failure to state a claim on December 5, 2022. *See* ECF Nos. 11, 11-1. Among other things, Baker's first motion to dismiss argued that the original Complaint failed to allege any relationship between Lutzy and Defendants that could support any of Lutzy's claims and also failed to allege any cognizable damages that could support any basis for relief. *See* ECF No. 11-1 at 13-14. Indeed, the original 216-paragraph Complaint mentioned Lutzy by name only twice and never provided any explanation of what Lutzy was or how it factored into the allegations and claims at issue. *See id.* at 6-7, 13-14.

On December 14, 2022, Plaintiffs filed their First Amended Complaint ("FAC"). While providing some additional information about Lutzy, Plaintiffs' FAC nevertheless does not save Lutzy's claims because Lutzy is not authorized to maintain an action in this Court under Georgia law.

## II.   FACTUAL BACKGROUND

The FAC states that, "Plaintiff Lutzy, Inc. is a Delaware corporation with its principal place of business in Georgia." FAC ¶ 4. It also states that Plaintiff Brittany Fletcher Beckham is the principal of Lutzy, and that Ms. Beckham resides in Fulton County, Georgia. *Id.* ¶¶ 3, 9. Also, according to the FAC, Ms. Beckham has retained an Atlanta lawyer to represent Lutzy before the USPTO and to provide Lutzy with legal advice. *See id.* ¶¶ 132, 136-37, 143, 144, Ex. W to the FAC (providing Lutzy with legal advice pursuant to Lutzy's request). In addition to the allegations in the FAC, Lutzy's website states that the business is located at 1603 Richwood Drive NE, Brookhaven, GA 30319.[2] And, among other things, Lutzy's website is actively soliciting Partners, Testers, and Models.[3]

---

[2] *See Terms of Use*, Lutzy, https://www.lutzy.com/terms (last visited January 13, 2023); *Privacy Notice*, Lutzy, https://www.lutzy.com/privacy (last visited January 13, 2023).
[3] *See Contact Us*, Lutzy, https://www.lutzy.com/contact (last visited January 13, 2023).

Lutzy, however, is not registered to do business in Georgia. A true and correct copy of the Certificate of Search obtained from the Georgia Secretary of State is attached hereto as **Exhibit A**. In that Certificate, Secretary of State Brad Raffensperger certifies under seal that Lutzy "was not found filed of record" in Georgia's "automated database for business entities." **Exhibit A**.

### III. ARGUMENT AND CITATION TO LEGAL AUTHORITY

#### A. <u>A Certificate of Authority Is a Jurisdictional Requirement Under Georgia Law.</u>

O.C.G.A. § 14-2-1502(a) provides that, "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." It is the defendant's burden to show that, "(1) plaintiff does not have a certificate of authority, and (2) plaintiff transacted business in Georgia within the meaning of the statute." *Ovation Mktg. v. Sturz*, No. 1-07-CV-1634-JEC, 2008 U.S. Dist. LEXIS 131381, at *5 (N.D. Ga. Feb. 22, 2008); *see also Commodity Inv. Res. Co. II v. JPMorgan Chase Bank, N.A.*, No. 1:19-CV-1296-TWT, 2019 U.S. Dist. LEXIS 104024, at *10-11 (N.D. Ga. June 21, 2019).

Courts treat a motion to dismiss based on O.C.G.A. § 14-2-1502(a) as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Commodity Inv. Res. Co. II*, 2019 U.S. Dist. LEXIS 104024, at *4; *TPI*

4

*Holdings, Inc. v. Winfield Dyco Holding Ltd.*, No. 1:09-CV-0801-CAP, 2009 U.S. Dist. LEXIS 138299, at *6 (N.D. Ga. Oct. 29, 2009). Such a motion presents a "factual attack" on the complaint, as explained below:

> Defendants can challenge subject matter jurisdiction under Rule 12(b)(1) by mounting "facial attacks" or "factual attacks." A "facial attack" asks the district court to determine whether a basis for subject matter jurisdiction is sufficiently alleged in the complaint. The district court must accept the plaintiff's allegations as true and limit the scope of its inquiry to the face of the complaint. A "factual attack," by contrast, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." The district court is free to independently weigh the evidence and decide for itself whether subject matter jurisdiction exists, notwithstanding the existence of disputed material facts. If a "factual attack" implicates the merits of the plaintiff's claim, however, the district court must instead proceed under Rule 12(b)(6) or Rule 56.

*Commodity Inv. Res. Co. II*, 2019 U.S. Dist. LEXIS 104024, at *5-6 (quoting and citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).

When a factual attack does not require a Court to reach the merits of the plaintiff's claims, "the Court can consider the extrinsic evidence put before it and does not need to accept the facts alleged in the Complaint as true for the limited purpose of adjudicating the Defendant's 12(b)(1) challenge." *Commodity Inv. Res. Co. II*, 2019 U.S. Dist. LEXIS 104024, at *6.[4]

---

[4] Even if the Court considered this motion to be a "facial attack" the analysis would be the same. Defendant Baker relies on information outside of the FAC that the Court

### B. Plaintiff Lutzy Cannot Maintain a Lawsuit in this State.

Lutzy transacts business within the state of Georgia. By its own admissions, its "principal place of business" is in Georgia, which it operates through its principal Ms. Beckham in Georgia. FAC ¶¶ 3, 4, 9, 132, 136-37, 143, 144, Ex. W.  The FAC further establishes that Lutzy has entered into professional agreements with at least one legal counsel in Georgia. *Id.* ¶¶ 132, 136-37, 143, 144.  Further, the company presents a public profile that provides a Georgia address. *See Terms of Use*, Lutzy, https://www.lutzy.com/terms (last visited January 13, 2023); *Privacy Notice*, Lutzy, https://www.lutzy.com/privacy (last visited January 13, 2023). From that address in

---

can consider under a 12(b)(6) analysis. There can be no reasonable dispute that Lutzy is not registered to do business in Georgia, as evidenced by **Exhibit A**, and that Lutzy's website solicits business in the form of seeking "Partners, Testers, and Models." *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) ("We have held that a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion."); *Jeandron v. Bd. of Regents of the Univ. Sys. of Md.*, 510 F. App'x 223, 227 (4th Cir. 2013) ("A court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and 'it is capable of accurate and ready determination.'") (citing Fed. R. Evid. 201(b)); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (taking judicial notice of information on the opposing party's website).

Georgia, it solicits business on the world wide web. *See Contact Us*, Lutzy, https://www.lutzy.com/contact (last visited January 13, 2023).

Yet despite its continuous business activities in Georgia, Lutzy has never registered with the Georgia Secretary of State as a foreign corporation transacting business in Georgia. **Exhibit A**. The consequence of this failure to register means that Lutzy cannot maintain any suit in a court in Georgia. *See* O.C.G.A. § 14-2-1502(a) ("A foreign corporation transacting business in this state without a certificate of authority *may not maintain a proceeding in any court in this state* until it obtains a certificate of authority.") (emphasis added); *Barker v. County of Forsyth*, 248 Ga. 73, 75 (1981) (dismissing plaintiff for failure to obtain a certificate of authority when the facts indicated an intent to "conduct a continuous business" in Georgia).

## IV. CONCLUSION

Accordingly, because Plaintiff Lutzy is not registered to transact business in Georgia, it cannot maintain this action against Defendants and the Court should dismiss Lutzy's claims in the First Amended Complaint.

Respectfully submitted this 13th day of January, 2023.

/s/ *Christina Hull Eikhoff*

Christina Hull Eikhoff
Georgia Bar No. 242539

7

> Ashley S. Escoe
> Georgia Bar No. 711656
>
> **ALSTON & BIRD LLP**
> 1201 West Peachtree Street
> Suite 4900
> Atlanta, GA 30309-3424
> Office: (404) 881-7000
> Fax: (404) 881-7777
> Christy.Eikhoff@alston.com
> Ashley.Escoe@alston.com
>
> Brian Ellsworth (*pro hac vice*)
> North Carolina Bar No. 28511
> Chris Ziegler (*pro hac vice*)
> North Carolina Bar No. 46519
>
> **ALSTON & BIRD LLP**
> One South at The Plaza
> 101 S Tryon St #4000
> Charlotte, NC 28280
> Brian.Ellsworth@alston.com
> Chris.Ziegler@alston.com
>
> *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to N.D. Ga. Local Rule 5.1(C), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

/s/ *Christina Hull Eikhoff*

Christina Hull Eikhoff
Georgia Bar No. 242539

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing DEFENDANT BAKER & HOSTETLER LLP'S MOTION TO DISMISS PLAINTIFF LUTZY, INC.'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

This 13th day of January, 2023.

/s/ *Christina Hull Eikhoff*
Christina Hull Eikhoff
Georgia Bar No. 242539